DUDEK *v.* POPP.

1. EVIDENCE—OPINION.
   Opinion, in the law of evidence, is an inference or conclusion drawn by a witness from facts.

2. SAME—WITNESSES—OPINION.
   Ordinarily a witness is to be restricted to facts within his personal knowledge, and his opinion or conclusion with respect to matters in issue, or relevant to the issue, may not be received in evidence.

3. SAME—OPINION.
   Opinion evidence will not be received where all the relevant facts can be introduced in evidence and the jury are competent to draw a reasonable inference therefrom.

4. SAME—OPINIONS—AUTOMOBILES—SPEED—POINT OF IMPACT.
   Opinions of police officers, with extensive experience in accident investigation, may be accepted as of experts as to determination of speed of vehicles from skid marks, the point of impact, braking and stopping distances (GCR 1963, 605).

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 20 Am Jur, Evidence § 764.
[4–8] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 987–990.
   Admissibility of evidence as to tire tracks or marks on or near highway. 23 ALR2d 112.
[4] Admissibility of opinion evidence as to point of impact or collision in motor vehicle accident case. 66 ALR2d 1048.
   Opinion evidence as to distance within which automobile can be stopped. 135 ALR 1404.
   See, also, Stopping Distance, Am Jur 2d Desk Book, Documents 173–175, pp 453–455.
[5] 58 Am Jur, Witnesses § 844.
[6] 58 Am Jur, Witnesses § 845.
[7] 20 Am Jur, Evidence § 782.
[9, 10] 8 Am Jur 2d, Automobiles and Highway Traffic § 944.
   Conviction or acquittal as evidence of the facts on which it was based in civil action. 18 ALR2d 1287.
[11] 58 Am Jur, Witnesses §§ 844, 845.
[12] 5 Am Jur 2d, Appeal and Error § 809.
[13] 8 Am Jur 2d, Automobiles and Highway Traffic § 1018 *et seq.*

5. SAME—EXPERTS—OPINIONS—CROSS-EXAMINATION.

An expert witness may state his opinions and reasons therefor without first specifying data on which it is based, but upon cross-examination, he may be required to specify the data (GCR 1963, 605).

6. SAME—OPINION—SUPPORTING DATA.

The trial judge, in his discretion, may require that a witness, before testifying in terms of opinion or inference, be examined first concerning the data upon which the opinion or inference is founded (GCR 1963, 605).

7. SAME—OPINION—EXPERT WITNESS.

Testimony of expert witness in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact (GCR 1963, 605).

8. AUTOMOBILES—SPEED—POINT OF IMPACT—EXPERT TESTIMONY.

The interpretation of physical facts learned upon investigation of a motor vehicle collision is such an area of expertise as permits an investigating officer to give opinion testimony as to an ultimate factual issue, such as speed and point of impact (GCR 1963, 605).

9. SAME—EVIDENCE—CONVICTION OF CRIMINAL CHARGE—ISSUANCE OF TRAFFIC TICKET.

Evidence of conviction may not be introduced in a civil action for damages inflicted in the event involving the criminal act but the statute barring the evidence of a conviction does not bar evidence of the issuance of a traffic ticket (CLS 1961, § 257.731).

10. SAME—EVIDENCE—ISSUANCE OF TRAFFIC TICKET—CREDIBILITY OF OFFICER.

The opposite party must be accorded the right to inquire whether a violation ticket was issued, where one of the parties has chosen to introduce opinion evidence of an investigating officer, which clearly imports a violation of the motor vehicle code or a traffic ordinance causally related to an issue of negligence, as the issuance of the ticket bears on the officer's credibility and the weight to be given his testimony (CLS 1961, § 257.731).

11. EVIDENCE—OPINION—CROSS-EXAMINATION.

The basis of opinions clearly importing causal negligence, expressed by an expert witness, must be the subject of cross-examination.

12. AUTOMOBILES—APPEAL AND ERROR—OPINION—CROSS-EXAMINA-
TION OF BASIS—PROXIMATE CAUSE.
    The denial of cross-examination of the basis of opinion of in-
        vestigating officer whose opinion clearly imported causal neg-
        ligence of defendant's driver was reversible error.

13. SAME—HEAD-ON COLLISION—INSTRUCTIONS—QUESTIONS OF FACT
—PLACE OF IMPACT.
    Instruction given in action arising out of head-on collision be-
        tween plaintiff's southbound car and defendant's northbound
        tractor-trailer, when taken as a whole *held*, to have adequately
        presented the legal principles under which the issues of fact
        were required to be resolved in determining the place of impact.

Appeal from Saginaw; O'Neill (James E.), J.
Submitted February 6, 1964. (Calendar No. 44,
Docket No. 50,251.) Decided July 8, 1964.

Case by Joseph Dudek against John M. Popp for
personal injuries sustained in collision of automobile
and truck September 12, 1957. Verdict and judg-
ment for plaintiff. Defendant appeals. Reversed
and new trial granted.

*van Benschoten & van Benschoten,* for plaintiff.

*Heilman, Purcell & Tunison,* for defendant.

O'HARA, J. This case arises from the collision of
2 motor vehicles, one a passenger car, the other a
tractor semitrailer unit. The vehicles were ap-
proaching each other on a 20-foot, paved, 2-lane
highway, at about 10 o'clock in the forenoon. Plain-
tiff Dudek, appellee here, was driving the automobile
south, defendant-appellant Popp, the tractor-trailer
north. Each was alone in his vehicle. Each claims
the other crossed the center line. Popp was un-
injured and his vehicle virtually undamaged. Dudek
sustained injury. Tried to a jury, a verdict for

$40,000 was returned. Defendant Popp appeals from denial of his motion for a new trial. Seven claims of error are assigned. We regard several of them as the same in principle.

The following restatements fairly present the issues as to the evidentiary questions raised:

(1) Is the interpretation of physical facts learned upon investigation of a motor vehicle collision such an area of expertise as permits an investigating officer to give opinion testimony as to an ultimate factual issue?

(2) The same question, but posed as to a diagram prepared by the investigating officer and a photograph of the scene of the accident.

The trial court allowed the investigating officer, over continuous and strenuous objection, to testify as follows (as to the photograph):

"This [photograph] shows the area where we believe the impact took place. * * * On this photograph there is a mark. * * * This particular mark, I refer to, I believe to be a skid mark. * * * In my opinion, sir, the skid mark started south and continued toward the north.

"*Q.* So that means the vehicle, in your opinion, officer, was traveling which way to make the skid mark?

"*A.* In a north direction. * * *

"*Q.* Now with regard to that skid mark, Officer May, could you tell the court and jury whether or not the particular skid mark was made by an extremely heavy vehicle, or by, say, an automobile as opposed to a truck loaded with gravel? * * *

"*A.* It would have had to have been made by a heavy vehicle."

As to the diagram made by Officer May and another officer, the following was allowed to be made of record:

"*Q.* Officer May, you did make a diagram regarding these measurements, so on?

"*A.* Yes, sir.

"*Q.* And you say that was done with Officer Kelly?

"*A.* Yes, sir.

"*Q.* And when was this done?

"*A.* Sometime after the accident.

"*Q.* The same day?

"*A.* Yes.

"*Q.* I show you plaintiff's exhibit 22. Is that a photostatic copy of your diagram?

"*A.* Yes, it is.

"*Q.* I'll offer plaintiff's exhibit 22 in evidence.

"*Mr. Heilman:* Your Honor, I have the same objection I did previously. It has conclusions on it. It is not proper for that reason.

"*Mr. van Benschoten:* Well, I think, your Honor, if Mr. Heilman is going to argue this, I will ask—

"*The Court:* In view of the testimony we have had, gentlemen, I think I'll receive it, for what it is worth, over objection.   *   *   *

"*Q.* How did you determine for the purposes of this diagram, or what did you determine to indicate what you call the point of impact?

"*A.* By the amount of dirt, or mud, referred to as debris, in a more or less concentrated spot."

On the interpretation of facts observed at the scene of the accident the following testimony was recorded:

"*Q.* Did you make an investigation as to the collision location? Put it this way, did you make any investigation as to the location of the actual collision between the 2 vehicles involved?

"*A.* Yes.

"*Q.* How did you make that investigation? Tell the court and jury what you did.

"*A.* I believe that we looked—I say 'we',—I looked for collision damage or a point of impact, so to speak, where the initial collision took place.

"*Q.* All right. Did you find the place?

"*A.* Yes, sir.

"*Q.* And could you tell this court and jury about how far from Joe's car where it came to rest, up the road was that point, if you can remember?

"*A.* (Pause) I will say approximately 275 or 300 yards.

"*Q.* All right. Will you just tell the court and jury what you found at this spot.

"*A.* At the spot where [we] figured the collision or the initial impact took place, there was a pile or —there was debris.

"*Q.* What do you mean by the word 'debris'?

"*A.* Dirt, gravel, glass, just debris.

"*Q.* Can you tell us with regard to the center line of the road where it was located, Officer May, or primarily located?

"*A.* To the best of my recollection, the debris was on the west—on the roadway on the west—that would be on the left side.

"*Q.* That would be on the southbound lane, then?

"*A.* Yes.

"*Q.* If that road goes north and south, correct? If East street goes north and south, you are saying it was on the west side of the highway?

"*A.* Yes, sir.

"*Q.* That would be on Joe Dudek's side of the highway?

"*A.* Yes."

In view of the expanding areas in which opinion evidence is being received by courts, we believe a brief review of principles is indicated. In the law of evidence, "opinion" is an inference or conclusion drawn by a witness from facts. Under ordinary circumstances a witness is to be restricted to facts within his personal knowledge, and his opinion or conclusion with respect to matters in issue, or relevant to the issue, may not be received in evidence. (See 32 CJS, Evidence, § 438, p 70.) The danger involved in receiving the opinion of a witness is that

the jury may substitute such opinion for their own. Accordingly, where all the relevant facts can be introduced in evidence and the jury are competent to draw a reasonable inference therefrom, opinion evidence will not be received. When the conclusion to be drawn from the facts depends on professional or scientific knowledge or skill, the conclusion may be stated. (32 CJS, Evidence, § 446, pp 74, 75.)

Our question here resolves itself into 2 subdivisions. First, is the subject matter about which Officer May testified within that area of esoteric knowledge in which the average juror would be unschooled and unexperienced? Secondly, is Officer May the possessor of that measure of skill and special knowledge which would qualify him to testify opinionatively?

Much has been written upon this general topic in both case law and legal publications. If any trend be ascertainable, it is in the direction of the relaxation of the rule, both as to the subject matter of expertise and in the qualifications necessary to enjoy expert status. Even popular news weeklies have recognized the current re-examination of the question by courts. (See Time, March 20, 1964, The Law.)

Historically, opinion evidence as to cause and effect in areas of ordinary human experience has been barred, on the reasonable assumption that such determination is attainable by the jurors themselves. We note, however, a definitive trend toward the acceptance of police officers with extensive experience in accident investigations as "experts" and in consequence the allowance (within limits) of their opinion evidence. These opinions have included the point of impact (*Zelayeta* v. *Pacific Greyhound Lines,* 104 Cal App 2d 716 [232 P2d 572]), braking and stopping distances (*Kerr* v. *Caraway* [Fla], 78 So 2d 571).

We align ourselves with the authorities which hold that one properly qualified in accident investigative background may testify either from personal observation or from properly authenticated and admitted exhibits that, in his opinion, certain marks are skid marks and that they were made by a given motor vehicle and his reasons therefor. On the same basis and for the same reasons, he may point out in his opinion the point of impact.

Our former Court Rule No 37, § 16[1] (present GCR 1963, 605), is reflective of this trend and we make it applicable to the question here presented:

"Questions calling for the opinion of an expert witness need not be hypothetical in form unless the judge, in his discretion, so requires. The witness may state his opinion and reasons therefor without first specifying data on which it is based, but upon cross-examination, he may be required to specify such data. The judge, in his discretion, may require that a witness, before testifying in terms of opinion or inference, be examined first concerning the data upon which the opinion or inference is founded. Testimony of expert witness in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

The precise point urged by appellee—that the opinion admitted went to the ultimate fact issue involved—is covered by this rule. The evidence was properly received.

Counsel for defendant urges further that by reason of the admission of the diagram prepared by the investigating officers and the conclusionary testimony by Officer May that defendant illegally crossed the center line and struck plaintiff's vehicle on the wrong side of the road, he had the right to

---

1 Added 1957, effective January 1, 1958. See 349 Mich xiii.—RE-PORTER.

cross-examine the officer as to whether he issued a traffic violation ticket to defendant, and if he did not, why not. This right counsel claims goes to the credibility of the testifying officer. Plaintiff urges that such testimony is barred by statute[2] and the trial court so held.

The statute bars evidence of a conviction, not evidence of the issuance of a traffic ticket. The reason for the distinction, we believe, is the difference in degree of proof necessary for a criminal conviction where the defendant enjoys the presumption of innocence and his guilt must be established beyond reasonable doubt. Evidence of a conviction on a charge of a traffic violation is not proof of civil liability. The elements of proximate causality and contributory negligence are not therein considered as they are in a civil action. Evidence of an acquittal is not conclusive proof of freedom from civil liability because of the several differences in degrees of proof above mentioned. Where, as in the case at bar, one of the parties has chosen to introduce opinion evidence of an investigating officer, which clearly imports a violation of the motor vehicle code or a traffic ordinance causally related to an issue of negligence, the opposite party must be accorded the right to inquire whether a violation ticket was issued as that fact bears on the officer's credibility and the weight to be given his testimony. It would be an anomaly indeed if an officer were to be permitted by the effect of his opinion evidence to imply that one participant in an accident violated a causally related motor vehicle operation regulation, State or local, but at the same time that party be foreclosed from any inquiry as to whether he issued a violation ticket therefor, and if he did not, why not. Surely these questions go to the very core of the credibility

_____

[2] CLS 1961, § 257.731 (Stat Ann 1960 Rev § 9.2431).

of his testimony. Officer May's testimony fixed the point of impact in plaintiff's lawfully occupied lane of traffic. This testimony taken in conjunction with the following excerpt from the charge of the court made the issue of the point of impact almost conclusive on the issue of causal negligence:

"If, on the other hand, you find that the defendants' tractor and semitrailer came over the centerline, and that the collision occurred on Mr. Dudek's side of the highway, which would be any place on the west half of the highway, then your verdict must be in favor of Mr. Dudek for such amount of money as you may find fairly and reasonably compensate him for any injuries and damages which you may find under the evidence to have resulted, in accordance with my instructions which I will later give you on the subject of damages."

If we permit experts to testify to conclusions in the nature of opinions which clearly import causal negligence, the basis of the opinions expressed must be the subject of cross-examination. To hold otherwise would indeed be tantamount to a determination of negligence by testimonial conclusion, rather than jury determination of the issue. To have denied defendant the right to cross-examine was reversible error. The remaining assignment of error upon which we deem comment necessary is directed to the charge of the court upon the issue of contributory negligence. Appellant urges most strenuously that the charge as given "Insofar as an uneducated jury is concerned as to legal issues this [the instruction] was tantamount to a directed verdict."

We have read the charge with care. We do not believe that extensive quotation therefrom would benefit the profession generally and we limit ourselves to holding that considered as a whole the court adequately presented the legal principles under which the issues of fact were required to be resolved.

The order denying the motion for new trial is vacated and set aside. The case is remanded for new trial. Defendant may tax costs.

DETHMERS, SOURIS, SMITH, and ADAMS, JJ., concurred with O'HARA.

KAVANAGH, C. J., and KELLY and BLACK, JJ., concurred in result.