## LAFAVE v. KROGER CO.

1. EVIDENCE—AUTOMOBILES—OPINIONS—POINT OF IMPACT.
    Refusal of trial court to admit testimony of officer from accident prevention bureau to give opinion testimony as to point of impact of cars traveling in opposite directions on 2-lane highway after testifying as to physical facts he found at the scene *held*, error, notwithstanding it embraced the ultimate issue of fact to be decided by the jury (GCR 1963, 605).

2. SAME—AUTOMOBILES—OPINIONS—LEGAL CONCLUSIONS—POINT OF IMPACT.
    Exclusion of opinion of accident investigator as to point of impact of vehicles which had been traveling in opposite directions on 2-lane highway *held*, reversible error, where it appears that he had qualified as an expert but his opinion did not constitute the expression of a legal conclusion (GCR 1963, 605).

3. AUTOMOBILES—DRIVING RECORD OF OPERATOR—OPERATOR'S LICENSE.
    Error may not be found for refusal of trial court to let defendant introduce evidence of unsatisfactory driving record of plaintiff in action for damages arising from head-on collision, where record does not indicate trial court refused to let defendant present such testimony although it did deny permission to show why plaintiff had no valid operator's license at the time of the accident.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobiles and Highway Traffic § 335.
8 Am Jur 2d, Automobiles and Highway Traffic §§ 988, 989.
Admissibility of opinion evidence as to point of impact or collision in motor vehicle accident case. 66 ALR2d 1048.
[3] 8 Am Jur 2d, Automobiles and Highway Traffic §§ 937, 943, 944.

Appeal from Muskegon; Piercey (John H.), J. Submitted Division 3 October 7, 1966, at Grand Rapids. (Docket No. 469.) Decided December 22, 1966. Leave to appeal denied by Supreme Court April 12, 1967. See 379 Mich 759.

Declaration by Joseph LaFave against the Kroger Co., an Ohio corporation, and Gordon L. Townsend for personal injuries sustained in a collision of plaintiff's car and a truck owned by Kroger and driven by defendant Townsend. Judgment for plaintiff. Defendants appeal. Reversed and remanded for new trial.

*Stribley & Rude,* for plaintiff.

*Cholette, Perkins & Buchanan (Don V. Souter,* of counsel), for defendants.

T. G. KAVANAGH, J. This suit arose out of a collision between plaintiff's automobile and a Kroger Co. tractor-trailer driven by Gordon L. Townsend. The collision occurred on a rainy night on a 2-lane, east-west highway. Plaintiff was on the south side of the highway and defendant on the north side. Each claimed the other crossed over the center line. Each claimed the impact occurred on his side of the highway. The ultimate issue of liability hinged on the question of where the impact occurred.

The one eyewitness to the accident testified he was traveling in the south lane behind the plaintiff and that plaintiff was in the south, his own, lane when the accident occurred. During the trial the defendant attempted to impeach the credibility of this witness and the plaintiff by showing discrepancies between their testimony and their prior depositions.

A witness who was traveling behind the defendant, but who did not see the impact, testified as to the position of the vehicles at the scene of the accident as did the 2 police officers who first arrived at the scene.

A third police officer, from the accident investigation bureau, testified as to the physical facts he found at the scene. The court indicated that it considered this officer to be an expert on accident investigation. When he was asked to give his opinion as to where the point of impact occurred, plaintiff's counsel objected. The court sustained the objection.

Also during the trial, an employee of the secretary of State, called by defendant, testified that plaintiff did not have a valid operator's license at the time of the accident. Out of the presence of the jury, he said the license was revoked for an unsatisfactory driving record. However, plaintiff's driving record was never sought to be introduced and defendant was not allowed to show the jury why he had no license.

From a verdict for plaintiff, defendant appeals, asserting that the court should have permitted the accident investigation officer to give his opinion as to where the impact occurred and that the defendant should have been permitted to show why plaintiff had no valid operator's license at the time of the accident.

In sustaining plaintiff's objection to the opinion testimony of the accident investigation officer, the trial court indicated that such testimony was inadmissible since the question of where the impact occurred and the ultimate issue of causation were inseparable and, therefore, for the jury.

We do not disagree that the question of where the impact occurred "embraced" the ultimate issue to be determined by the jury. However, our agreement

with the trial court in this regard does not prevent us from holding that the trial court erred in refusing to admit the opinion testimony.

The law in Michigan on this very question was clearly set forth in the case of *Dudek* v. *Popp* (1964), 373 Mich 300, at p 307, wherein the court stated:

"We align ourselves with the authorities which hold that one properly qualified in accident investigative background may testify either from personal observation or from properly authenticated and admitted exhibits that, in his opinion, certain marks are skid marks and that they were made by a given motor vehicle and his reasons therefor. On the same basis and for the same reasons, he may point out in his opinion the point of impact."

The sole reason the trial court refused to admit the opinion testimony was because it embraced or was inseparable from the ultimate issue to be tried. However, in *Dudek, supra,* the court held that this precise point was covered by GCR 1963, 605, which reads in part:

"Testimony of expert witness in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

*Dudek, supra,* was decided in July, 1964. Appellee contends that the later case of *Washburn* v. *Lucas* (1964), 373 Mich 610, decided in October, 1964, reversed *Dudek* and should therefore control.

We believe appellee misinterprets the issues involved in *Washburn* and seeks to draw unwarranted inferences therefrom. As we read *Washburn, supra,* the opinion testimony of the officer expressed legal conclusions and the court held it inadmissible for that reason.

Here the officer was qualified as an expert and held to be such by the trial court. His testimony did not

constitute an opinion expressing a legal conclusion. Rather he was asked to draw a factual conclusion based on facts he personally observed and to which he had already testified.

The exclusion, therefore, of such competent relevant evidence was reversible error. See *Starkweather* v. *Martin* (1874), 28 Mich 471; *Colwell* v. *Adams* (1883), 51 Mich 491; and *New York C. R. Co.* v. *Michigan Milk Producers Association* (1966), 3 Mich App 648.

The record does not indicate that the trial court refused to let the defendant introduce the evidence of plaintiff's unsatisfactory driving record. Accordingly we find no error in this regard.

Reversed and remanded. Appellants may tax costs.

Burns, P. J., and Fitzgerald, J., concurred.