O'DOWD *v.* LINEHAN

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—EXPERT TESTIMONY—AC-
CIDENT RECONSTRUCTION EXPERT.

  Admission in evidence by trial court of the testimony of an
  accident reconstruction expert about his theory concerning
  how the accident in question took place *held*, not error.

2. APPEAL AND ERROR—DISCRETION OF TRIAL COURT.

  Motions for new trial, for leave to take depositions, and for
  rehearing on the motion for a new trial are addressed to the
  sound discretion of the trial court and its decision will be
  reversed only if there was an abuse of this discretion.

Appeal from Jackson, Dalton (John C.), J. Sub-
mitted Division 2 November 7, 1968, at Lansing.
(Docket No. 3,892.)   Decided November 25, 1968.
Rehearing denied January 8, 1969.   Application for
leave to appeal filed March 15, 1969.

Declaration by Dennis O'Dowd, administrator of
the estate of Delores O'Dowd, deceased, against Paul
G. Linehan, administrator of the estate of Dana W.
Linehan, deceased, for the wrongful death of plain-
tiff's decedent as a result of automobile negligence
by defendant's decedent. Verdict and judgment for
defendant. Plaintiff appeals. Affirmed.

*Phillip C. Kelly,* for plaintiff.

*Badgley, Domke, McVicker & Marcoux,* **for** de-
fendant.

REFERENCES FOR POINTS IN HEADNOTES

[1] 8 Am Jur 2d, Automobiles and Highway Traffic § 981 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 772 *et seq.*

Per Curiam. Plaintiff's decedent was a passenger in an automobile which was involved in a head-on collision with an automobile owned and driven by defendant's decedent. This action for wrongful death resulted in a jury verdict of no cause for action. Plaintiff's appeal raises several issues.

It is the contention of the plaintiff that reversible error occurred at trial when defendant's accident reconstruction expert was permitted to testify, over objection, as to point of impact, other facts and conclusions. Under GCR 1963, 605, and *LaFave* v. *Kroger Company* (1966), 5 Mich App 446, this was not error.

Plaintiff claims reversible error in the trial court's denial of his motion for new trial, denial of motion for leave to take depositions, and denial of motion for rehearing motion for new trial. All of these motions were addressed to the trial court's discretion. A review of the record does not establish abuse of that discretion.

Affirmed with costs to defendant.

McGregor, P. J., and Quinn and Letts, JJ., concurred.