## PEOPLE v. HILL

CRIMINAL LAW—MANSLAUGHTER—AUTOMOBILE—NEGLIGENT OPERA-
TION—DIRECTED VERDICT.
  The Court of Appeals is not bound by a finding of the trial
    judge in a jury trial of a prosecution for manslaughter that
    except for intoxication there was no evidence of careless or
    negligent driving by defendant, because the jury and not the
    judge is the trier of fact, where there was sufficient evidence
    so that it could not properly be held that as a matter of law
    there was no showing of carelessness; therefore denial of de-
    fendant's motion for directed verdict of acquittal was proper
    (MCLA § 750.321).

Appeal from Genesee, Elza H. Papp, J.  Sub-
mitted Division 2 February 4, 1969, at Lansing.
(Docket No. 4,003.)   Decided February 27, 1969.
Rehearing denied April 7, 1969.

Willie Morris Hill was convicted of manslaughter.
Defendant appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, *Donald A. Kuebler,* Chief
Appellate Attorney, and *Roger Kittendorf,* As-
sistant Prosecuting Attorney, for the people.

*Leitson, Dean, Dean, Abram, Segar & Hart,* for
defendant.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic § 337.
What amounts to negligence within meaning of statutes penalizing
  negligent homicide by operation of a motor vehicle.   20 ALR3d
  473.

BEFORE: Quinn, P. J., and McGregor and V. J. Brennan, JJ.

Per Curiam. Defendant's jury trial on a charge of manslaughter, MCLA § 750.321 (Stat Ann 1954 Rev § 28.553), resulted in his conviction. He was sentenced to 3 years probation during which time his driver's license was suspended. He appeals claiming his motion for directed verdict at the close of the people's case should have been granted, and that it was reversibly erroneous to permit opinion testimony as to direction of the vehicles over defendant's objection.

Defendant contends acquittal should have been directed because the trial judge found there was no evidence of careless and negligent driving other than intoxication. Such a finding is not binding on this Court for 2 reasons. First, the judge was not the trier of the facts, and, second, if she made the finding as a matter of law, she was in error. There was no direct proof of carelessness or negligence, but there was proof from which carelessness, or negligence, or both could be inferred by the jury. Denial of directed verdict was proper.

The opinion evidence objected to was properly admitted under *Dudek* v. *Popp* (1964), 373 Mich 300.

Affirmed.