ILINS *v.* BURNS

1. AUTOMOBILES — NEGLIGENCE — EVIDENCE — ISSUANCE OF TRAFFIC
TICKET — ADMISSIBILITY.

> Evidence in a negligence action relating to the issuance or non-
> issuance of a traffic ticket is not barred by the statute pro-
> hibiting the admission in any civil action of convictions of
> traffic offenses; however, the statute, being silent on the
> subject, does not authorize the use of the issuance or non-
> issuance of a traffic ticket as evidence (MCLA § 257.731).

2. AUTOMOBILES — NEGLIGENCE — EVIDENCE — ISSUANCE OF TRAFFIC
TICKET — ADMISSIBILITY.

> Permitting questions in an automobile negligence case concern-
> ing the issuance or nonissuance of a traffic ticket to one of
> the drivers involved in the automobile accident giving rise to
> the suit constitutes error.

3. AUTOMOBILES — NEGLIGENCE — EVIDENCE — ISSUANCE OF TRAFFIC
TICKET — ADMISSIBILITY — CURATIVE INSTRUCTIONS.

> Permitting defense counsel in an automobile negligence case to
> question the defendant and the investigating officer regarding
> the issuance or nonissuance of a traffic ticket to defendant
> arising out of the automobile accident in which plaintiff was
> injured constituted harmless error where the trial court in-
> structed the jury that whether a driver of one of the cars
> involved in the collision did or did not receive a traffic ticket
> issued by a police officer was not to be considered in their
> deliberations.

Appeal from Saginaw, Fred J. Borchard, J. Sub-
mitted Division 3 May 7, 1971, at Lansing. Decided
July 28, 1971. Leave to appeal granted, 386 Mich
763.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 30 Am Jur 2d, Evidence § 985.

Complaint by Erika Ilins against Daniel L. Burns and Sherry L. Burns for personal injuries sustained in an automobile accident. Judgment for defendants. Plaintiff appeals. Affirmed.

*Cicinelli, Mossner, Majoros, Harrigan & Alexander,* for plaintiff.

*Heilman, Purcell, Tunison & Cline,* for defendants.

Before: McGregor, P. J., and Bronson and O'Hara,* JJ.

Per Curiam. This action was brought to recover for personal injuries arising out of an automobile accident. Plaintiff passenger sued, alleging that defendant driver was guilty of negligence. The jury returned a verdict in favor of defendants.

The sole issue on appeal relates to defense counsel's questioning of defendant driver and the investigating police officer. The defendant was questioned as follows:

"*Q.* Were you issued a violation ticket for that accident?

"*Mr. Harrigan:* I would object, your Honor. That calls for a conclusion of some third person.

"*The Court:* She can answer the question. Proceed.

"*Q.* Did you ever—did the officer issue you a ticket for that accident?

"*A.* No, he didn't."

Similarly, the investigating officer was asked by defense counsel:

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"*Q.* Is there a place on this report to mark violations for statutes or driver violations?

"*Mr. Harrigan:* I will object, your Honor. This probably calls for a conclusion of the witness and also it probably invades the province of the jury.

"*The Court:* Read that back, please.

(*Whereupon the record was read back by the reporter.*)

"*The Court:* You can answer yes or no.

"*Q.* Is there a place?

"*A.* There is a place, yes.

"*Q.* Did you mark any violaton for Sherry Burns, the defendant in this case?

"*Mr. Harrigan:* I will object, your Honor. We have gone through this.

"*The Court:* She already testified she didn't receive a violation."

Plaintiff's motion for a mistrial was denied by the trial court. On appeal, plaintiff argues that reversible error was committed by the trial court in allowing the witnesses to answer the questions over plaintiff's objections. Plaintiff contends that the trial court's ruling was contrary to MCLA § 257.731 (Stat Ann 1968 Rev § 9.2431) and that the questions were so prejudicial as to deny plaintiff a fair trial. Defendant, citing *Dudek* v. *Popp* (1964), 373 Mich 300, contends that the questioning was properly permitted by the trial court. For reasons to be stated, we do not consider *Dudek* to be dispositive of the issues presented in this appeal.

MCLA § 257.731 (Stat Ann 1968 Rev § 9.2431) provides:

"No evidence of the conviction of any person for any violation of this chapter or of a local ordinance pertaining to the use of motor vehicles shall be admissible in any court in any civil action."

The quoted statute, subject to the limitations of GCR 1963, 607, bars evidence of *convictions* of traffic

offenses. The statute is silent with respect to the use of evidence in a negligence action relating to the issuance or nonissuance of a traffic ticket.

Defendant, quoting from *Dudek* v. *Popp, supra,* p 308, argues that, while the statute bars evidence of a conviction, it does "not [bar] evidence of the issuance of a traffic ticket". Admittedly, the quoted language can be found in the *Dudek* opinion. We agree with this language, but we would also add that while the statute does not bar evidence of the issuance of a traffic ticket, neither does the statute *authorize* the use of such evidence.

The Court in *Dudek* did not hold that MCLA § 257.731 (Stat Ann 1968 Rev § 9.2431) permits the use of evidence of the issuance of a traffic ticket. The Court merely held that the statute would not bar the use of such evidence:

"Where, as in the case at bar, one of the parties has chosen to introduce opinion evidence of an investigating officer, which clearly imports a violation of the motor vehicle code or a traffic ordinance causally related to an issue of negligence, the opposite party must be accorded the right to inquire whether a violation ticket was issued as that fact bears on the officer's credibility and the weight to be given his testimony."[1]

The facts in the instant case render the holding in *Dudek* inapposite. In this case questions concerning the issuance of a traffic ticket were posed by defense counsel on direct examination. The defendant's own testimony was presented prior to the officer's testimony. Both parties were called to testify by the defendant. The questioning had no bearing on the credibility of opinion evidence given by an investigating officer called by the opposite party to testify.

---

[1] *Dudek* v. *Popp* (1964), 373 Mich 300, 308.

The probative value of this type of questioning in a negligence action is, in our opinion, outweighed by its prejudicial effect. As such, with the exception of a situation similar to that presented in *Dudek,* we are of the opinion that a trial court would err by permitting questions concerning the issuance or nonissuance of a traffic ticket arising out of an accident in the subsequent negligence action.

The question remains as to whether the trial court's error constituted harmless error under GCR 1963, 529. We quote the following from the trial court's instructions to the jury:

"Members of the jury, I instruct you that whether a driver of one of the cars involved in this collision did or did not receive a traffic ticket issued by the police officer is not to be considered by you in your deliberations. When police come to the scene of a collision and investigate, they do not have all of the facts at hand, they were not present when the collision occurred, and didn't see the collision, and they may not even talk to all of the people who did see the collision. For this reason, you are not to consider in your deliberations whether any traffic tickets were or were not issued to either driver."

We are of the opinion that any prejudice which may have resulted from the defense counsel's questions was properly taken care of by this instruction. *Moffatt* v. *Helmer* (1956), 345 Mich 153, 158.

Judgment affirmed.