DUMON v SINES

EVIDENCE—WITNESSES—OPINION TESTIMONY—AUTOMOBILES.
   Trial judge did not err in allowing an investigating police officer
   to testify that defendant "hit" plaintiff's car since the word
   "hit" is neither an expression of opinion as to the cause of the
   accident nor does it fix blame on one driver as the one responsi-
   ble for the collision.

Appeal from Wayne, Theodore R. Bohn, J. Sub-
mitted Division 1 March 8, 1972, at Detroit.
(Docket No. 10900.) Decided May 31, 1972.

Complaint by Gregory T. Dumon against Ken-
neth Sines and Judith Sines for damages for inju-
ries suffered in an automobile accident. Judgment
for plaintiff. Defendants appeal. Affirmed.

*Robert N. Gaberman,* for plaintiff.

*Sugar, Schwartz, Silver, Schwartz & Tyler,* for
defendants.

Before: LEVIN, P. J., and V. J. BRENNAN and
VAN VALKENBURG,* JJ.

PER CURIAM. Plaintiff received a verdict and
judgment of $55,000 against defendants for inju-
ries suffered in an automobile accident. Defend-
ants appeal asserting error in allowing the investi-
gating police officer to express an opinion regard-

REFERENCE FOR POINTS IN HEADNOTE
   30 Am Jur 2d, Evidence § 1002.
   * Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

ing the cause of the accident. The police officer said that the defendant driver "changed lanes without safety, didn't see Mr. Dumon" and that she "hit Mr. Dumon's car and drove him across the center lane" into an automobile traveling in the opposite direction.

It appears from the record that it was undisputed that the defendant driver did change lanes and it appears from her own testimony that she did not see the plaintiff before she started to change lanes. It is also undisputed that plaintiff's and defendants' automobiles collided and as a result of that collision the plaintiff's automobile was impelled over the center line into the path of an automobile traveling in the opposite direction. We do not read the word "hit" as the expression of an opinion as to the cause of the accident or as fixing blame on one driver or another as the one responsible for the collision. See *Dudek v Popp,* 373 Mich 300 (1964); *Washburn v Lucas,* 373 Mich 610 (1964); *People v Zimmerman,* 385 Mich 417 (1971); *O'Dowd v Linehan,* 385 Mich 491 (1971).

The officer's use of the phrase "without safety" was made in a nonresponsive answer, was objected to, and the phrase was stricken from the record. The defendant did not ask for a mistrial. No reversible error resulted.

Affirmed.