**David ROGERS and Alwynn Rogers Plaintiffs,**

v.

**The DETROIT EDISON CO. and Townsend Tree Service Co., Inc., d/b/a N.G. Gilbert Corp., Defendants.**

No. 03–72274.

United States District Court,
E.D. Michigan,
Southern Division.

July 15, 2004.

Ben Moore, Troy, MI, for Plaintiffs.

Robert A. Marsac, Detroit, MI, for Defendants.

### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE EXPERT PAUL MODESTO

DUGGAN, District Judge.

Plaintiffs David Rogers ("Mr.Rogers") and Alwynn Rogers ("Mrs.Rogers")(collectively "Plaintiffs") filed this lawsuit after their car was struck by an electrical cable Defendants were stringing across U.S. 23 in Green Oaks Township, Livingston County, Michigan. Plaintiffs are husband and wife. Mr. Rogers was driving the car at the time of the accident; Mrs. Rogers was a passenger in the vehicle. Plaintiffs claim that Defendants' negligence in stringing the line caused the following injuries and damages: (1) post-traumatic stress disorder ("PTSD") as to Mr. Rogers; (2) loss of a $60,000 investment by Mr. Rogers in a human resources company, Berke Durant & Associates; (3) loss of wages as to Mr. Rogers; and (4) loss of consortium as to Mrs. Rogers. Presently before the Court is Defendants' motion to exclude the testimony of Mr. Roger's treating psychologist, Dr. Paul Modesto, filed January 28, 2004.[1]

### I. Argument

In their motion, Defendants ask the Court to exclude Dr. Modesto's testimony

---

1. Plaintiffs filed a response to Defendants' motion on March 26, 2004, well beyond the allotted time. Defendants have filed a motion to strike Plaintiffs' response due to its untimeliness. While the Court does not condone Plaintiffs' attorney's conduct, it will not strike Plaintiffs' response for that conduct. Accordingly, the Court also is issuing an order on this date denying Defendants' motion to strike.

for three reasons. First, Defendants argue that Dr. Modesto's testimony should be barred pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure because Plaintiffs have failed to provide the expert report required by Rule 26(a)(2)(B). Second, Defendants argue that Dr. Modesto is not qualified to provide expert testimony on PTSD. Related to that argument, Defendants contend that Dr. Modesto's testimony is inadmissible under the standard for expert testimony set forth by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Plaintiffs respond that Defendants' motion is premised upon the false assumption that Dr. Modesto should be treated as an expert retained or specially employed to testify with respect to Mr. Rogers' PTSD. Instead, Plaintiffs assert that Dr. Modesto merely is testifying as Mr. Rogers' treating psychologist. As such, Plaintiffs contend that they were not required to provide a Rule 26 expert report. Plaintiffs further argue that Dr. Modesto is qualified to testify as Mr. Rogers' treating psychologist.

## II. Analysis

### A. Whether Plaintiffs were required to comply with Rule 26(a)(2)(B)

Rule 26(a)(2), setting forth the disclosure requirements for expert testimony, provides in part:

(A) In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony,* be accompanied by a written report prepared and signed by the witness.

FED. R. CIV. P. 26(a)(2) (emphasis added). Pursuant to Rule 37, "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1).

■ The Advisory Committee Notes to the 1993 amendments to Rule 26 indicate, however, that no written report is required for treating doctors:

The requirement of a written report in paragraph (2)(B) ... applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

FED. R. CIV. P. 26, Advisory Committee Notes at 161 (2004 ed.). While the Sixth Circuit has not directly addressed this issue in a published opinion, a majority of courts hold that a Rule 26(a)(2)(B) report is not required from a treating physician unless the physician will testify to matters learned outside the scope of treatment.[2] *See, e.g., Hamburger v. State Farm Mut.*

---

**2.** The Sixth Circuit has issued one unpublished opinion suggesting that a written report is required for a treating physician. *See Harville v. Vanderbilt Univ., Inc.,* No. 02–5077, 95 Fed.Appx. 719, 2003 WL 22025028

(6th Cir.2003). In reaching its decision, however, the court relied on *Patel v. Gayes,* 984 F.2d 214 (7th Cir.1993), which the Seventh Circuit recently noted was superseded by the 1993 amendments to Rule 26. *See Musser v.*

*Auto. Ins. Co.*, 361 F.3d 875, 882 (5th Cir.2004); *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756–57 (7th Cir.2004); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2031.1 (2d ed. & Supp.2004)(collecting cases at footnote 6). Thus Rule 26 requires the disclosure of *all* witnesses who are to give expert testimony under the Federal Rules of Evidence, but only requires an expert report for certain expert witnesses.

For this reason, Defendants' reliance on *Sommer v. Davis*, 317 F.3d 686 (6th Cir. 2003), is misplaced. It appears from the Sixth Circuit's opinion in *Sommer* that the doctor whose testimony was excluded was not a treating physician. Moreover, the district court clearly did not exclude the doctor's testimony because a Rule 26 report was not filed. *Id.* at 692. Rather the court excluded the testimony because the plaintiffs disclosed the doctor as an expert witness more than seven months after the expert-disclosure deadline had passed. *Id.*

■ In August 2003, Plaintiffs identified Dr. Modesto as an expert witness they anticipated calling at trial. *See* Defs.' Mot. Ex. D at 8–9. Dr. Modesto is an "expert" as that term is used under Rule 702 of the Federal Rules of Evidence. Plaintiffs proffer, however, that Dr. Modesto's testimony will be limited to the nature, cause, and treatment of Mr. Rogers' psychological injury as a result of the accident. Because he is testifying as Mr. Roger's treating psychologist, Plaintiffs were not required to file a Rule 26 expert report.[3]

*Gentiva Health Servs.*, 356 F.3d 751, 756 n. 2 (7th Cir.2004).

3. Certainly Defendant is entitled to any report Dr. Modesto has prepared in conjunction with his examination and treatment. Furthermore, a party can obtain information about the opposite party's expert by way of interrogatories or other appropriate discovery tools.

## B. Whether Dr. Modesto is qualified to testify

■ Federal Rules of Evidence 702 and 703 govern the admissibility of expert testimony in federal court. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods.

FED. R. EVID. 702. In *Daubert*, the Supreme Court held that Rule 702 requires a district court to act as a "gatekeeper" to guarantee that "any and all scientific evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589, 113 S.Ct. at 2795. However the Court recognized the "'liberal thrust' of the Federal Rules and their 'general approach of relaxing the traditional barriers to opinion testimony.'" *Id.* at 588, 113 S.Ct. at 2794 (quoting *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169, 109 S.Ct. 439, 449, 102 L.Ed.2d 445 (1988)). The proponent of the expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.[4] *Id.* at 592 n. 10, 113 S.Ct. at 2796 n. 10.

4. While the Court notes that Plaintiffs focus their response on the issue of whether a Rule 26 report is required from Dr. Modesto and provide little or no argument with respect to whether his testimony is reliable, Plaintiffs have presented Dr. Modesto's curriculum vitae establishing his education, training, and experience as a psychologist.

As the *Daubert* Court explained, Rule 702 requires district courts to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id.* at 597, 113 S.Ct. at 2799. The Court identified several factors that may be useful in determining whether testimony is reliable: (1) whether the expert's theory or technique has been or can be tested; (2) whether the technique has been subjected to peer review and publication; (3) the known or potential rate of error; and (4) whether the technique has been accepted by the "relevant scientific community," or "has been able to attract only minimal support within the community." *Id.* at 593–94, 113 S.Ct. at 2796–97. As the Supreme Court subsequently emphasized, however, these factors are not exhaustive and need not be applied mechanically. *See Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137, 150–51, 119 S.Ct. 1167, 1175, 143 L.Ed.2d 238 (1999).

The *Daubert* Court also noted that the trial court's gatekeeping function does not replace the traditional adversary system and the place of the jury within the system. *Daubert,* 509 U.S. at 596, 113 S.Ct. at 2798. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Id.* (citing *Rock v. Arkansas,* 483 U.S. 44, 61, 107 S.Ct. 2704, 2714, 97 L.Ed.2d 37 (1987)). The Sixth Circuit and the Michigan courts therefore endorse a broad interpretation of Rule 702's requirements. *See, e.g., Morales v. Am. Honda Motor Co.,* 151 F.3d 500, 516 (6th Cir.1998)(citing *Davis v. Combustion Eng'g, Inc.,* 742 F.2d 916 (6th Cir.1984));

*Grow v. W.A. Thomas Co.,* 236 Mich.App. 696, 713, 601 N.W.2d 426, 435 (Mich.App.1999)(citing *Dudek v. Popp,* 373 Mich. 300, 306, 129 N.W.2d 393 (1964))(finding that "[a]ny limitations on a proposed expert's qualifications are relevant to the weight, not the admissibility, of his testimony.") As the Sixth Circuit has stated:

> Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact. The fact that a proffered expert may be unfamiliar with pertinent statutory definitions or standards is not grounds for disqualification. Such lack of familiarity affects the witness' *credibility,* not his qualifications to testify.

*Morales,* 151 F.3d at 516 (quoting *Davis,* 742 F.2d at 919). Following this guidance, the *Morales* court held that the trial court did not err in allowing the plaintiffs' expert to testify regarding accident reconstruction, engineering, and child psychology "despite the fact that he ha[d] no background in any of these areas." [5] *Id.*

Mr. Rogers' primary doctor, Bruce Wishnov, recommended that Mr. Rogers see a psychologist due to the problems he allegedly began experiencing following the incident, including anxiety, depression, difficulties sleeping, and nightmares. *See* Defs.' Mot. Ex. D at 10 (Answer # 20). Mr. Rogers first saw Dr. Modesto on September 28, 2000, at which time Dr. Modesto took Mr. Rogers' social and medical history, including information about the accident.[6] *See id.* Ex. F & Ex. J at 11–12. Dr. Modesto saw Mr. Rogers approximately 23 times between that date and November 20, 2003. *See id.* Ex. J at 16–

---

5. In *Morales,* the expert was a law school graduate with experience in the area of product safety. *Morales,* 151 F.3d at 515.

6. Dr. Modesto's report to Plaintiffs' attorney states that he first saw Mr. Rogers on September 29, 2000, however he corrected that date during his deposition. *See* Defs.' Mot. Ex. F and Ex. J at 48.

38. For the first seven months, Mr. Rogers met with Dr. Modesto on a weekly or bi-weekly basis. *See id.* at 16. During these therapy sessions, Dr. Modesto taught Mr. Rogers various techniques to handle the accident and the symptoms Mr. Rogers was allegedly experiencing as a result of the accident. *See id.*

Dr. Modesto is a clinical psychologist, licensed in Florida.[7] *See* Defs.' Mot. Ex. J at 6–9 & Pls.' Resp. Ex. 1. Dr. Modesto received his Bachelor of Arts and Master of Sciences degrees from Long Island University. *See id.* He received his doctorate in psychology from Utah State University in 1976 and was a post-doctoral fellow at Florida State University from 1980 through 1981. *See id.* Dr. Modesto has been engaged in individual and group therapy in various settings and capacities since the early 1970s. *See id.*

■ Based on these qualifications, the Court finds that Dr. Modesto is properly qualified to testify as Mr. Rogers' treating psychologist. The Court further finds that Dr. Modesto's testimony as to his opinion about the psychological problems Mr. Rogers experienced following the accident and during his course of therapy and about the cause of those problems is reliable. Dr. Modesto's testimony is based on his education as a psychologist and at least 23 therapy sessions with Mr. Rogers. Furthermore Dr. Modesto determined that Mr. Rogers suffered from PTSD based on the same factors identified by the American Psychiatric Association and adopted by this Circuit, even if Dr. Modesto did not specifically cite to this or any other standard as the basis for his opinion. *See Sterling v. Velsicol Chem.,* 855 F.2d 1188, 1209–10 (6th Cir.1988)(setting forth the necessary criteria for a PTSD diagnosis and listing stressors (including car crashes) which courts have accepted as "recognized stressors"). Dr. Modesto's lack of experience and/or training with respect to PTSD specifically does not render his testimony unreliable; rather it is merely a factor to be considered by the jury in assessing the weight of his testimony. *See Morales,* 151 F.3d at 516.

The Court also concludes that Dr. Modesto's testimony is relevant to the issues in this case.

For these reasons, the Court concludes that Dr. Modesto's testimony should not be excluded pursuant to Federal Rule 702 or *Daubert.*

Accordingly,

**IT IS ORDERED,** that Defendants' Motion to Exclude Expert Paul Modesto is **DENIED.**

---

7. The resume attached to Plaintiffs' response bears the name of Paul Kulcsar, Ph.D. *See* Pls.' Resp. Ex. 1. Dr. Modesto recently changed his name from Kulcsar (his stepfather's surname) to Modesto (his biological father's surname). *See* Defs.' Mot. Ex. J at 5–6.