MAUD KELLEY, BY HER NEXT FRIEND, LORRAINE K. GIBBS, v. THE DETROIT, LANSING & NORTHERN RAILROAD COMPANY.

*Negligence—Hearsay testimony—Opinion evidence.*

1. A witness who is asked to state to the jury the *extent* of the sufferings of the plaintiff in a negligence case, based upon his observation, cannot testify to what the plaintiff said to him about her sleeplessness at night, in response to his inquiries made the next morning; the same being hearsay testimony. *Johnson v. McKee*, 27 Mich. 472; *Railroad Co. v. Huntley*, 38 Id. 543; *Mayo v. Wright*, 63 Id. 40.

2. A question calling for the *opinion* of a witness whether an accident happened by reason of the defendant's negligence or of the plaintiff's inattention calls for incompetent testimony. *Evans v. People*, 12 Mich. 34; *Lemon v. Railway Co.*, 59 Id. 618; *Anderson v. Boom Co.*, 61 Id. 489; *Harris v. Clinton Tp.*, 64 Id. 447; *Melzer v. Car Co.*, 76 Id. 94.

So *held*, in a negligence case, where, after a witness for the plaintiff had testified that he saw the plaintiff step from the car steps onto a box placed there for that purpose, and fall, he was asked, on cross-examination, whether it occurred to him, at the time, that the accident happened by reason of the darkness or of the inattention of the plaintiff to a step being there.

B. It is unfair to establish one rule for the plaintiff and another for the defendant in the admission or exclusion of testimony.

So *held*, where, after permitting a witness for the plaintiff to answer a question of doubtful competency, as calling for opinion evidence, the court excluded the answer of a witness for the defendant to practically the same question.

Error to Kent. (Burch, J.) Argued April 10, 1890. Decided April 18, 1890.

Negligence case. Defendant brings error. Reversed. The facts are stated in the opinion.

*J. B. Lothrop* and *Smith & Stevens*, for appellant.

*Rutherford & Houseman*, for plaintiff.

CAHILL, J. The plaintiff sued to recover damages for an injury to her left ankle, caused by a fall while alighting from defendant's train at Lakeview station, October 6, 1888.

The declaration is not set out in the printed record, and no point is made upon its sufficiency. It alleges negligence on the part of defendant in failing to provide suitable and safe attendance and appliances for the safety of passengers in alighting from defendant's coach, and charges that defendant stopped its train in the darkness, where no lights were burning, and placed a box step so carelessly,—

"The top or covering projecting over the said box or step in such a manner that, when the plaintiff stepped from said car into the darkness, she stepped upon the projecting edge of said box, by means of which it was overthrown," and plaintiff was injured.

Defective construction of the box step, improperly placing the same, lack of proper assistance by defendant's employés, and lack of artificial light are alleged in the second count.

The plaintiff recovered judgment for $1,000, and the defendant brings error.

Four errors are assigned on the admission or exclusion of testimony. Upon the trial the plaintiff called as a witness Abram Kelley, who testified as follows:

"The plaintiff is my niece. She visited me at Lake-

view about a year ago, arriving there on October 6. I was at the defendant's depot to meet her. When the train arrived, I walked down to assist her. She stepped down on the box step, and fell to the sidewalk. My impression is that the train was a little late. We stayed at the depot quite a spell before it came. There were freight-cars standing on the side track, about opposite where the car step was. There was no light outside of the car, nor any about the depot, that reflected on the steps. It was not really awful dark, and it was not very light. It was between light and dark; sort of twilight. It was a little too dark to distinguish everything at the station between those two trains of cars where she alighted. She was taken to my house. Her ankle was swollen considerably. She was at my house four weeks, and had to go on crutches while there."

Plaintiff's counsel then asked witness the following question:

"Tell the jury the extent of her suffering, so far as it came under your observation."

Witness said:

"I know that every morning I asked her how she rested."

Whereupon counsel for defendant objected to the witness testifying to statements made by the plaintiff in answer to such questions of the witness, as being hearsay and incompetent. The objection was overruled, and defendant's counsel excepted. The witness continued:

"She said she didn't rest well for quite a good many nights; that she would have to be up in the night,—that is, we had a bowl of water set so she could bathe her ankle."

Upon the admission of this evidence the first error is assigned. Defendant's counsel do not question the rule that expressions or exclamations of *present* bodily pain are competent evidence, but it is claimed that this evidence does not come within the rule, because the statements did not indicate *present* bodily feeling, but were

narrations of past transactions, and were made in answer to questions put to her by the witness. The admission of this testimony was error. The witness was asked to tell the jury the extent of her suffering, so far as it came under his observation. This was a proper inquiry, and it could have been properly answered by any testimony which tended to show that the plaintiff was wakeful, restless, or showed other indications of being in pain. But we do not think it was within the rule for the witness to testify to what the plaintiff said to him about her sleeplessness, in response to his inquiries. Such statements made in the morning after the sleepless nights were narrations of past transactions, and the testimony received was hearsay. *Johnson v. McKee*, 27 Mich. 472; *Grand Rapids, etc., Railroad Co. v. Huntley*, 38 Id. 543; *Mayo v. Wright*, 63 Id. 40 (29 N. W. Rep. 834).[1]

The second error is assigned upon the refusal of the circuit judge to allow an answer to the following question asked of the witness Gilleo, on cross-examination, by defendant's counsel:

"At the time of the accident, did it occur to you that the accident happened by reason of the darkness? Whether it occurred to your mind that the accident happened by reason of the darkness or by reason of the inattention of Miss Kelley to a step being there?"

We think this testimony was properly excluded. The questions called for the opinion of the witnesses upon a question which the jury were to pass upon, viz., whether the accident happened by reason of the defendant's negligence or by reason of the plaintiff's inattention. This witness had testified that he was at the depot on the night of the accident, and saw the plaintiff descending from the car steps to the box, and saw her fall. Any

---

[1] Cited by counsel for appellant, and also by plaintiff's counsel (except the last case), who also cited *Hyatt v. Adams*, 16 Mich. 180; *Elliott v. Van Buren*, 33 Id. 49.

opinion that he could have must have been formed at the time, and we do not think it was competent for him to give his opinion. He was allowed to state the facts about the transaction fully. From these facts, and not from his opinion based upon them, the jury should find their verdict. *Evans v. People,* 12 Mich. 34; *Lemon v. Railway Co.,* 59 Id. 618 (26 N. W. Rep. 791); *Anderson v. Boom Co.,* 61 Id. 489 (28 N. W. Rep. 518); *Harris v. Clinton Tp.,* 64 Id. 447 (31 N. W. Rep. 425); *Melzer v. Car Co.,* 76 Id. 94 (42 N. W. Rep. 1078).

The third and fourth assignments of error are based upon the refusal of the circuit judge to allow defendant's counsel to ask Merritt Staples, a witness called by the defense, the following questions·

"With reference to the light,—the amount of light at that time,—will you state whether in your judgment a person coming down the car steps, whether it was light enough for them, if they had looked, to see a box of that kind?"

"Will you state whether or not a person coming down the car steps, if they had looked, they could have seen the box or not?"

We think the exclusion of the first question, at least, was error. Plaintiff's counsel had been permitted to ask his witness Gilleo the following question:

"Q. As to whether or not a person alighting from a car would be able in your judgment to distinguish a small object sitting down on the ground as well as if it was daylight.
"A. No, sir."

This was practically the same question which under his objection the court refused to allow defendant's counsel to ask his witness. Whether either of these questions was strictly competent, even under the very liberal rules permitted by this Court in *Evans v. People,* 12 Mich. 35; *People v. Post & Tribune Co.,* 54 Id. 465 (20 N. W. Rep.

80 MICH.—16.

531); *Laughlin v. Railway Co.*, 62 Id. 226 (28 N. W. Rep. 875); *Kelley v. Richardson*, 69 Id. 436 (37 N. W. Rep. 516),—may admit of some question, but it would be very unfair to establish one rule for the plaintiff, and another for the defendant.

For the errors pointed out the judgment must be reversed, and a new trial granted, with costs of this Court.

The other Justices concurred.