PEOPLE v. PULLEN

HOMICIDE — MANSLAUGHTER — AUTOMOBILES — EXCESSIVE SPEED —
EVIDENCE — WITNESSES — CUMULATIVE EVIDENCE.
  Testimony of a medical pathologist, who performed the post-
  mortem examination on the pedestrian struck by an automobile
  operated by defendant, that defendant's estimated speed of
  over 50 miles an hour was, in his opinion, too low an estimate
  because of the victim's injuries, merely corroborated an eye-
  witness's prior testimony that defendant's speed was over 50
  miles an hour at the moment of impact, and even assuming
  that admission of the pathologist's opinion was erroneous, that
  error would not require reversal of defendant's manslaughter
  conviction where the pathologist's evidence was cumulative to
  evidence already properly received.

Appeal from Van Buren, David Anderson, Jr., J.
Submitted Division 3 May 5, 1970. (Docket No.
7,492.) Decided June 1, 1970.

Ernest G. Pullen, Jr., was convicted of manslaugh-
ter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William C. Buhl,*
Prosecuting Attorney, and *Ray E. Barrett,* Assist-
ant Prosecuting Attorney, for the people.

*William J. Verdonk,* for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
7 Am Jur 2d, Automobiles and Highway Traffic §§ 291, 327, 328,
  337.
8 Am Jur 2d, Automobiles and Highway Traffic §§ 984–986, 990,
  992.

Before: HOLBROOK, P. J., and BRONSON and
MUNRO,* JJ.

PER CURIAM. Defendant, Ernest G. Pullen, Jr.,
was driving his automobile in Van Buren County
when, on May 20, 1967, he struck and killed Cath-
erine Morrice. Defendant was charged with two
counts of manslaughter:** Count I for negligently
driving a car while under the influence of intoxi-
cating liquor; Count II for operating a motor ve-
hicle recklessly at a high rate of speed, to-wit, 70
or 80 miles per hour in a 25-mile-per-hour zone.
Defendant filed a motion requiring the prosecution
to elect between Counts I and II of the information
or alternatively to quash the information. As a
result of that motion the information was amended
to read as follows:

"Heretofore, to-wit: on or about the 20th day of
May, 1967, at the city of Hartford, in the county of
Van Buren, Ernest G. Pullen, Jr., late of the city
of Hartford in said county, did then and there un-
lawfully and negligently drive a certain motor vehi-
cle, to-wit: a 1966 Chevrolet Sport Coupe, Michigan
license SP9121, upon a public highway of this state,
at East Main and Wendell Street, in the city of
Hartford, Van Buren County, Michigan, while un-
der the influence of intoxicating liquor, and/or while
driving said motor vehicle recklessly at a high rate
of speed, to-wit: 70 to 80 miles an hour in a 25 mile
an hour zone, and while so unlawfully and negli-
gently operating his motor vehicle as aforesaid, did
negligently and unlawfully drive said vehicle upon
and over one Catherine Morrice, who was then and
there lawfully in said highway, and did inflict griev-
ous wounds upon the body of the said Catherine
Morrice, as a result of which said Catherine Morrice

---

* Circuit judge, sitting on the Court of Appeals by assignment.
** MCLA § 750.321 (Stat Ann 1954 Rev § 28.553).

did then and there die, and wherefore the said Ernest G. Pullen, Jr., did unlawfully kill and slay the said Catherine Morrice, and did then and there commit manslaughter."

At a trial before jury in Van Buren county circuit court, defendant was found guilty. From this verdict, defendant appeals.

At trial there was testimony to the effect that Catherine Morrice died as a result of being struck by a motor vehicle. It was further established that the defendant was the driver of the motor vehicle which struck the deceased. There was testimony that the defendant had been drinking prior to the accident. An expert witness testified that analysis and tests of defendant raised the presumption that he was under the influence of intoxicating liquor at the time of the accident. There was testimony at trial by the defendant that he had consumed a minimum of four to five beers the afternoon of the accident. There was testimony by an eyewitness who estimated the speed of defendant's automobile at over 50 miles per hour.

During the trial a medical pathologist was called as an expert witness and questioned regarding injuries sustained by the deceased. In the course of this examination the prosecution asked Dr. Glaser whether the injuries could have been caused by an automobile traveling at the speed of 25 miles per hour. Defense counsel objected to this question, and the objection was sustained by the court. Before the medical pathologist was excused from the stand, the following exchange took place:

"*The Court:* I have one question that I would like to ask you, Dr. Glaser. *There has been testimony in this case estimating the speed of this vehicle at fifty miles per hour.*

"*The Witness:* Yes, sir.

"*The Court:* Now, based upon that and upon your examination of the body and your experience *would you have an opinion amounting to a medical certainty that this body being struck by a motor vehicle at that rate of speed could or would sustain these injuries that you discovered?*

"*The Witness:* It would be an estimate, your Honor.

"*The Court:* Well, do you have an opinion as to whether it could or not?

"*The Witness:* Yes, sir, I do, I think this is slow.

"*The Court:* All right.

"*The Witness:* I think the speed was in excess of this.

"*The Court:* All right.

"*The Witness:* Based solely upon my observations, yes, sir." (Emphasis added.)

Non-eyewitness expert opinion on the issue of speed of a vehicle in a criminal prosecution is admissible where speed is a material factor to the case being tried and where the expert is competent, has conducted scientifically-recognized tests based on the facts presented, and does not invade the province of the jury, by testifying as to the cause of the accident or liability therefor, and the jury, because of its inexpertise, would require such testimony so as to effectively interpret complicated facts in issue. *People* v. *Zimmerman* (1968), 12 Mich App 241; see, also, 2 Wharton's Criminal Evidence (12th ed), § 553, p 416; 31 Am Jur 2d, Expert and Opinion Evidence, §§ 16, 157 pp 511, 719; 29 ALR3d 258; 8 Am Jur 2d Automobiles and Highway Traffic, §§ 981, 984, 992, pp 531, 536, 547.

The determination of whether a witness has the qualifications of an expert is a question for the trial court. We will intervene only where such determination evidences a clear abuse of discretion. *People* v. *Hawthorne* (1940), 293 Mich 15; *Accetola* v.

*Hood* (1967), 7 Mich App 83; *Brummitt* v. *Chaney* (1969), 18 Mich App 59.

In the present case the trial judge refused to allow the prosecution to establish the speed of defendant's automobile solely from conclusion of the pathologist based upon postmortem examination. However, upon questioning by the trial judge, Dr. Glaser was asked, after having been informed that testimony had been received estimating the speed of defendant's automobile at over 50 miles per hour, whether a person struck at that speed would sustain the injuries suffered by the deceased pedestrian. The doctor testified that the approximated speed was, in his opinion, too slow.

Dr. Glaser's testimony was corroborative of the prior testimony. Assuming, *arguendo,* that the admission of the doctor's testimony was erroneous, that erroneous admission would not require reversal, as that evidence was cumulative to evidence properly received by the court. *Ford* v. *Maney's Estate* (1930), 251 Mich 461; *People* v. *Kregger* (1953), 335 Mich 457; *People* v. *Wolke* (1968), 10 Mich App 582.

Affirmed.