FRIEDMAN v FARMINGTON TOWNSHIP SCHOOL DISTRICT

1. WITNESSES—EXPERTS—ADMISSIBILITY.

   Testimony of experts is not desirable where the jury can get along without it.

2. WITNESSES—EXPERTS—ADMISSIBILITY.

   Trial court must decide within the limits of a fair discretion whether the experience of the supposed expert had been such as to make his opinions of any value.

3. WITNESSES—EXPERTS—ADMISSIBILITY.

   Whether the court will use the value test or the necessity test in deciding to admit expert testimony is in the common sense and discretion of the court.

4. WITNESSES—EXPERTS—ADMISSIBILITY.

   Discretion is vested in the trial judge to exclude portions of an expert's testimony touching the ultimate question which in the court's opinion goes beyond necessity and enters an area where the jury can get along without it.

5. WITNESSES—EXPERTS—HYPOTHETICAL QUESTIONS—ADMISSIBILITY.

   Excluding a hypothetical question to an expert was not reversible error where the expert was later allowed to testify about the substance of the excluded question which concerned the ultimate question for the jury.

6. NOTICE—PUBLIC BUILDINGS—CONSTITUTIONAL LAW.

   The 60-day notice requirement of the statute which waives the immunity of governmental units and their agencies from liability for injuries caused by a defective or dangerous public

REFERENCES FOR POINTS IN HEADNOTES

[1] 31 Am Jur 2d, Expert and Opinion Evidence § 21.

[2, 3] 31 Am Jur 2d, Expert and Opinion Evidence § 16 *et seq.*

[4] 31 Am Jur 2d, Expert and Opinion Evidence § 22.

[5] 31 Am Jur 2d, Expert and Opinion Evidence § 53 *et seq.*

[6] 58 Am Jur 2d, Notice § 21.

[7] 28 Am Jur 2d, Estoppel and Waiver § 152.

[8] 61 Am Jur 2d, Pleading § 305 *et seq.*

building if the time limitation is not met is unconstitutional (MCLA 600.5805, 691.1406).

7. Estoppel—Collateral Estoppel—Principal and Agent.

An action against a school district predicated on the negligence of its named agents is barred after the plaintiffs' cause of action against the agents has ended in a valid adverse jury verdict.

8. Pleading—Amendment—Court Rules.

Plaintiffs whose original complaint was erroneously dismissed by accelerated judgment for defendant without defendant having filed an answer are entitled to amend their complaint within 15 days after notice of remand to circuit court upon reversal and remand by the Court of Appeals, under the court rule allowing a party one amendment as a matter of course at any time before or within 15 days after a responsive pleading is filed (GCR 1963, 118.1).

Appeal from Oakland, Clark J. Adams, J. Submitted Division 2 March 14, 1972, at Detroit. (Docket No. 11159.) Decided April 26, 1972.

Complaint by Anne and Jerome Friedman against Farmington Township School District and others, employees of the school district, for damages for injuries received in a fall. Accelerated judgment for defendant school district. Judgment on a verdict of no cause for action as to the other defendants. Plaintiffs appeal. Reversed and remanded as to defendant school district and affirmed as to school district employees.

*Charfoos, Charfoos & Gruber,* for plaintiffs.

*Bell, Hertler & Hopkins,* for defendants.

Before: R. B. Burns, P. J., and Holbrook and Quinn, JJ.

Holbrook, J. Plaintiffs appeal simultaneously from the trial court's order for accelerated judg-

ment in favor of defendant Farmington Township School District entered under GCR 1963, 116.1(5) granted June 4, 1969, and entered June 16, 1969, and from the court's trial ruling excluding the answer of plaintiffs' expert witness to a posed hypothetical question.

On November 5, 1968, plaintiff Anne Friedman allegedly slipped and fell in the hallway of the Fairview Elementary School in Farmington Township School District, thereby fracturing her wrist, breaking two ribs and suffering other injuries. The cause of the injury was attributed to the slippery condition of the floor caused by cleaning ingredients applied to the floor and excessive wax and to the failure of those charged with cleaning the floor to position warning signs. Plaintiffs consequently brought suit against the above-named defendants April 4, 1969.

May 15, 1969, defendant Farmington Township School District filed a motion for accelerated judgment under GCR 1963, 116.1(5). The motion claimed that insofar as the event complained of occurred November 5, 1968, and defendant is a political subdivision of the state and no verified notice was received within 60 days of the event, plaintiffs' claim was barred by reason of MCLA 691.1406; MSA 3.996(106). Arguments were heard and the motion was granted June 4, 1969, and filed June 16, 1969.

During trial of the suit against the remaining defendants, who were employees of the Farmington Township School District, testimony was given by plaintiffs' expert witness, Sanford Smith, concerning janitorial and maintenance practices. Objection was raised by counsel for defendants to a hypothetical question directed to the maintenance practices of defendants on the day of the alleged

injury. The question was ruled improper by the trial court.

A verdict of no cause of action was returned by the jury.

Plaintiffs raise three issues on appeal for consideration by the Court.

I.

Whether an expert witness's opinion testimony concerning the ultimate question can be excluded as improper under GCR 1963, 605?

At trial, counsel for plaintiffs asked the following question of the expert witness:

"*Q.* Assume, sir, that on November 5, 1968, that approximately three to five minutes that the plaintiff was in the washroom of this school—about three or five minutes—that while she was in the washroom, in the hallway outside two defendants were involved in mopping down the floor. That's defendant Walter Ogier and defendant Julia Ritchie, and that they were using mops and water. Assume that while they were doing this, that the elections in this school that Mrs. Friedman was there for was still in process, that people were coming in and out of the school, elections were taking place in the gym, and that there was a general accentuation of activity within the school building of that building in that area. Assume further when defendant Ogier and defendant Richie *[sic]* started their procedure of washing with this mop, that they put up no signs, no warnings, no what you know, these little caution signs or anything of that sort nor did anyone go into at least the women's room and warn anyone in there that if you come out 'watch out, it's slippery.' Do you have an opinion as to whether or not washing down the floors as I have described it by those defendants would constitute good maintenance in November of 1968?"

In ruling to exclude the question on the objection of counsel for defendants the trial court said:

"*The Court:* First of all, it is argumentative. Second, you are asking the witness the ultimate question that will have to be presented to the jury. The question is improper."

On appeal, plaintiffs claim the trial court erred in its ruling insofar as GCR 1963, 605 provides in part:

"Testimony of expert witness in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

Defendants reply that such conclusional expert testimony is admissible under GCR 1963, 605 only when "otherwise admissible". They argue that an expert's testimony is limited to areas peculiarly within his area of expertise and outside the general competence of the jury. Where the testimony is well within the area of jury competence the expert's testimony is not admissible. The defendants argue further that judgments concerning floor-washing techniques are well within the jury's realm of experience and therefore expert testimony would be unnecessary. If unnecessary, the expert's testimony would be inadmissible as irrelevant opinion evidence and therefore objectionable as directed to the "ultimate question", as well.

No contest is made by defendants as to whether the question was improperly argumentative.

GCR 1963, 605 reads:

"Questions calling for the opinion of an expert witness need not be hypothetical in form unless the judge, in his discretion, so requires. The witness may state his opinion and reasons therefor without first specifying data on which it is based, but upon cross-examination, he may be required to specify such data. The judge, in his discretion, may require that a witness, before testif-

ying in terms of opinion or inference, be examined first concerning the data upon which the opinion or inference is founded. Testimony of expert witness in the form of opinions or inferences otherwise admissible is not objectionable because it embraces the ultimate issue or issues to be decided by the trier of the fact."

In *Dudek v Popp,* 373 Mich 300, 305–306 (1964), it was stated:

"The danger involved in receiving the opinion of a witness is that the jury may substitute such opinion for their own. Accordingly, where all the relevant facts can be introduced in evidence and the jury are competent to draw a reasonable inference therefrom, opinion evidence will not be received. When the conclusion to be drawn from the facts depends on professional or scientific knowledge or skill, the conclusion may be stated. (32 CJS, Evidence, § 446, pp 74, 75)."

See also, *Snyder v New York Central Transport Co,* 4 Mich App 38, 46 (1966).

And in *Washburn v Lucas,* 373 Mich 610, 621 (1964) Justice SOURIS spoke for the majority in saying:

"Moreover, we would go further, and commit this Court anew to the established rule that opinions of causation in negligence cases, 'where the subject matter of the inquiry is of such a character that it may be presumed to lie within the ordinary experience of all men of common education' (quotation from American Jurisprudence, as quoted in *Kelso v. Independent Tank Co.* [Okla], 348 P2d 855 [, 857 (1960)], more fully quoted and cited *post¹),* whether offered by experts or lay witnesses, are uniformly excluded as invasive of the province of the jury. See *Smith v. Sherwood Twp.,* 62 Mich 159 [1886]; *Ireland v. Cincinnati W. & M. R. Co.,* 79 Mich 163 [1890]; *Kelley v. Detroit L. & N. R. Co.,* 80 Mich 237 (20 Am St Rep 514) [1890]; *Hertzler v. Mans-*

---

¹ 20 Am Jur, Evidence, § 817, p 687.

*hum,* 228 Mich 416 [1924]; *Riffel v. Union Truck Co., Ltd.,* 180 Mich 673 [1914]; *Derrick v. Blazers,* 355 Mich 176 (69 ALR2d 1143) [1959]; *McNelley v. Smith,* 149 Colo 177, 181, 182 (368 P2d 555) [1962]; *Lee v. Dickerson,* 133 Ind App 542 (183 NE2d 615) [1962]; *Smith v. Clark,* 411 Pa 142, 147 (190 A2d 441) [1963]; *Lewis v. Schaffer* (Okla), 369 P2d 639 [1962]; *Flores v. M-K-T R. Co.* (Tex Civ App), 365 SW2d 379 [1963]; *Kelso v. Independent Tank Co.* (Okla), 348 P2d 855 [1960]; *Ordner v. Reimold* (CA 10), 278 F2d 532 [1960]; *Womack v. Banner Bakery, Inc.,* 80 Ariz 353 (297 P2d 936) [1956]; *Rettler v. Ebreck* (ND), 71 NW2d 759 [1955]; *Swink v. Colcord* (CA 10), 239 F2d 518 [1956], and 'Admissibility of opinion evidence as to the cause of an accident or occurrence,' 38 ALR2d 13."

Justice SOURIS went on later to say:

"As for GCR 1963, 605, the concluding sentence thereof does not stand in conflict with the cases and authorities cited in the body of this division of the foregoing opinion. The cited testimony of Trooper Wade was not 'otherwise admissible.' Any other construction of the rule would raise at once serious question as to the constitutionality of its concluding sentence. See Const 1908, art 2, § 13, and Const 1963, art 1, § 14.

"For prejudicial error of instruction, we would reverse and remand for retrial with costs to defendant." *Washburn, supra,* p 626.

The view expressed in *Washburn* has been followed in *Rockey v General Motors Corp,* 1 Mich App 100, 104 (1965); *Campbell v Menze Construction Co,* 15 Mich App 407, 411 (1968). And in *People v Zimmerman,* 12 Mich App 241, 246 (1968), oblique reference was made to the restrictions on expert opinion testimony explicit in *Washburn.* On appeal to the Supreme Court, the result in *Zimmerman* was affirmed and the rule in *Washburn* and *Dudek* continued to receive the support of a majority. *People v Zimmerman,* 385

Mich 417 (1971). However, a wide range of opinion as to application of the rule was expressed by the members of the Court. The case involved the admissibility of a non-eyewitness accident-reconstruction expert's opinion testimony on the speed of codefendant Mukalla's car. Justice BLACK with Chief Justice T. M. KAVANAGH and Justice T. E. BRENNAN concurring reiterated the necessity test for expert testimony quoting Justice CAMPBELL in *People v Morrigan,* 29 Mich 4, 7 (1874):

> "The experience of courts with the testimony of experts has not been such as to impress them with the conviction that the scope of such proofs should be extended. *Such testimony is not desirable in any case where the jury can get along without it;* and is only admitted from necessity, and then only when it is likely to be of some value." *Zimmerman, supra,* p 424. (Emphasis supplied.)

Justice WILLIAMS in a separate opinion repeats the Justice CAMPBELL quotation of Justice BLACK and another by Justice COOLEY in *McEwen v Bigelow,* 40 Mich 215, 217 (1879):

> "The court is not obliged to receive the evidence of every person called who may appear to have some little knowledge of the business, but who has no personal knowledge of the matters in controversy. He must decide within the limits of a fair discretion whether the experience of the supposed expert had been such as to make his opinions of any value." (Quoted in *Zimmerman, supra,* pp 426, 470.)

Justice WILLIAMS refers to the COOLEY test as the "value" test and the CAMPBELL test as the "necessity" test, distinguishing them in the following manner:

> "The following analysis may in part help explain the difference in standards suggested by Justices COOLEY

and CAMPBELL.. Justice COOLEY's opinion dealt with the possible admission of the expert testimony of a plumber, and every husband who has tried at the request of his wife to make a toilet stop running knows first hand, that the help of an expert would be of value, or for that matter necessary. Justice CAMPBELL on the other hand was dealing with possible testimony of detectives 'as to whether it was possible to commit the robbery in the manner charged.' Probably most would agree with Justice CAMPBELL 'The subject is not a proper one for experts.'

"The last statement indicates the interrelationship between the qualification of the expertise and the discretion of the court. While the derived rule may relate to the court's limits of discretion, the underlying basis was that there was no acceptable expertise. One is tempted to wonder, however, what the trial judge would have done if the proffered witness had been Sherlock Holmes." *Zimmerman, supra,* p 472.

We conclude that the application of the two tests is properly left to the common sense and discretion of the trial court.

The propriety of the trial court's ruling is suggested by the dissonant effect obtained in substituting the words "janitorial service" or "the scrubbing and maintaining of floors" for "ignition of gas or gasoline" in the following quotation from *Great American Insurance Co v Michigan Consolidated Gas Co,* 13 Mich App 410, 417 (1968), as quoted in *Firemens Mutual Insurance Co v Muskovitz & Pershin & Sons, Inc,* 32 Mich App 566, 571 (1971):

"The facts surrounding the *ignition of gas or gasoline* are ordinarily beyond the common knowledge or experience of ordinary people and thus testimony of an expert or skilled witness on the subject would aid the jury in reaching a proper conclusion." (Emphasis supplied.)

And insofar as the trial court has discretion to receive or reject the opinions of experts, *People v*

*Zimmerman, supra,* at p 426; *People v Hawthorne,* 293 Mich 15, 23 (1940), it is a logical consequence to honor the trial court's discretion in excluding portions of an expert's testimony touching the ultimate question which in the court's opinion goes beyond necessity and enters an area "where the jury can get along without it".

Plaintiffs cite *LaFave v Kroger Co,* 5 Mich App 446 (1966), for the position that the Court therein limited the *Washburn* decision to the exclusion of expert testimony expressing legal conclusions. The author of the opinion, Judge T. G. KAVANAGH, did not treat the question of excluding expert testimony that was not *otherwise admissible* as was argued in this case.

One further question implicit in this issue on appeal is whether the trial court, having once qualified an expert as was done herein, may still rule to exclude testimony touching the ultimate issue or is precluded from doing so by reason of the expert's qualification.

Insofar as plaintiffs' expert witness was subsequently allowed to testify as to the propriety of using warning signs, washing floors at times when they are not in use, and the effect of using water on a waxed floor, it is ruled that plaintiffs were allowed to get the substance of the excluded hypothetical question before the jury and as a consequence any error in the exclusion was harmless error.

## II.

Whether notice requirements of MCLA 691.1406; MSA 3.996(106) concerning governmental liability violated procedural due process guarantees under the Constitution?

On appeal, plaintiffs claim that the notice provisions of MCLA 691.1406; MSA 3.996(106) under which their claim against defendant Farmington Township School District was dismissed under an accelerated judgment was unconstitutional in the light of *Grubaugh v City of St Johns,* 384 Mich 165 (1970), and *Lisee v Secretary of State,* 32 Mich App 548 (1971).

In answer, defendant Farmington Township School District replies that *Grubaugh* explicitly limited the unconstitutionality of the questioned provision to situations involving incapacitated claimants and that the *Lisee* case is inapplicable insofar as it concerned a completely different statute.

The statutory provision complained of is in MCLA 691.1406; MSA 3.996(106) and provides in pertinent part:

"As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 60 days from the time the injury occurred, shall serve a verified notice on the responsible governmental agency of the occurrence of the injury and the defect."

The statute under review has previously been held constitutional by this Court in *Reich v State Highway Department,* 17 Mich App 619 (1969). On review, 386 Mich 617, 623–624 (1972), the Supreme Court reversed this decision, stating in part as follows:

"The object of the legislation under consideration is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal footing with private tortfeasors. However, the notice provisions of the statute arbitrarily split the natural class,

*i.e.,* all tortfeasors, into two differently treated sub-
classes: private tortfeasors to whom no notice of claim
is owed and governmental tortfeasors to whom notice is
owed.

"This diverse treatment of members of a class along
the lines of governmental or private tortfeasors bears
no reasonable relationship under today's circumstances
to the recognized purpose of the act. It constitutes an
arbitrary and unreasonable variance in the treatment
of both portions of one natural class and is, therefore,
barred by the constitutional guarantees of equal protec-
tion.

"Just as the notice requirement by its operation
divides the natural class of negligent tortfeasors, so too
the natural class of victims of negligent conduct is also
arbitrarily split into two subclasses: victims of govern-
mental negligence who must meet the requirement, and
victims of private negligence who are subject to no such
requirement. Contrary to the Legislature's intention to
place victims of negligent conduct on equal footing, the
notice requirement acts as a special statute of limita-
tions which arbitrarily bars the actions of the victims of
governmental negligence after only 60 days. The vic-
tims of private negligence are granted three years in
which to bring their actions. See MCLA 600.5805; MSA
27A.5805. Such arbitrary treatment clearly violates the
equal protection guarantees of our state and Federal
Constitutions. The notice provision is void and of no
effect."

Therefore, it was reversible error for the trial
court to have granted accelerated judgment in
favor of defendant school district.

## III.

Whether plaintiffs are collaterally estopped in
further pursuing the present action against de-
fendant Farmington Township School District inso-
far as the liability of defendant school district is
predicated on the negligence of its named agents

(defendants), and plaintiffs' cause of action against said agents has ended in a valid adverse jury verdict?

In reply to plaintiffs' constitutional and estoppel arguments, defendant Farmington Township School District argues that those matters were rendered moot by the judgment entered against them in the suit against defendant school district's agents.

Defendant bases its position on the case of *DePolo v Greig,* 338 Mich 703 (1954) which quoted from *Bigelow v Old Dominion Copper Mining & Smelting Co,* 225 US 111; 32 S Ct 641; 56 L Ed 1009 (1912):

"The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the 2 suits has been that of *principal and agent, master and servant,* or indemnitor and indemnitee." *DePolo, supra,* p 711. (Emphasis supplied.)

The Court in *DePolo* went on to state:

"But conversely the rule applies where the principal has been exonerated in a prior suit which determined that the agent had committed no actionable wrong." *DePolo, supra,* p 711.

Plaintiffs have failed to file any supplemental brief refuting defendants' position.

The *DePolo* case appears to be the only case treating of such relations among defendants as estopping further suits. See 6 Callaghan's Michigan Pleading & Practice (2d ed), § 42.111, p 558, n 59.

Insofar as there appears to be complete mutuality of liability between defendant school district and the other defendants and the trial against the remaining defendants was conducted without reversible error, plaintiffs' claim against defendant school district insofar as its liability is predicated upon the negligence of its agents named in this action is barred and may be noted by this Court under GCR 1963, 820.1.

We note that in the defendants' (agents) requests to charge there appears the following:

"I charge you that none of the defendants are responsible for any fault or neglect on the part of the Farmington Township School District."

The court's instructions have not been furnished to our Court, and we are unable to say if this instruction was given. It appears that it would have been a proper instruction.

Although plaintiffs' original complaint 4(c) contained the following allegation as to the liability of defendant school district, "that defendant, Farmington Township School District, is liable as the employer of defendants Jean Ralph and Joseph Stackler", we point out that plaintiffs' action against the school district was dismissed by motion under GCR 1963, 116.1(5), and that defendant school district did not answer the plaintiffs' complaint.

Since we have ruled that the accelerated judgment granted by the trial court was in error, and should not have been granted, and defendant school district failed to answer the complaint, plaintiffs under GCR 1963, 118.1 are entitled to amend their pleadings if they so desire within 15 days after notice of remand to the circuit court.

Reversed and remanded as to defendant school district for further proceedings not inconsistent with this opinion.

Affirmed as to individual defendants, employees of the school district.

No costs are allowed because of the disposition of this matter.

All concurred.