NAVARRA v BOARD OF REGENTS OF THE UNIVERSITY OF
MICHIGAN

1. NOTICE—TIMELY NOTICE—STATUTES.

An accelerated judgment for a defendant state agency, in an action arising from a construction contract, was properly granted where the plaintiff contractor had not filed a claim or notice of intent to file a claim within one year from the time the action accrued, as required by statute (MCLA 600.643[1]).

2. NOTICE—STATUTES—EQUAL PROTECTION—LIMITATION OF ACTIONS.

A statute which requires a claimant contractor to give notice to the state of his claim against a state agency within one year of the time when the action accrued does not deny the claimant equal protection of the law; the claimant voluntarily contracted with the state agency and may be presumed to know that if a contract claim were to arise he would be required to file a notice of claim within one year; the claimant would still be entitled to the three-year statute of limitations for commencing his suit (MCLA 600.6431[1], 600.6452).

Appeal from Court of Claims, Robert E. A. Boyle, J. Submitted Division 1 April 3, 1974, at Detroit. (Docket No. 16654.) Decided May 29, 1974. Leave to appeal applied for.

Complaint by Joseph Navarra against the Board of Regents of the University of Michigan for damages arising out of a construction contract. Judgment for defendant. Plaintiff appeals. Affirmed.

*Bronson & Egnor* (by *Walter K. Hamilton*), for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 51 Am Jur 2d, Limitation of Actions § 115.

Limitation period as affected by requirement of notice or presentation of claim against governmental body, 3 ALR2d 711.

*Roderick K. Daane,* for defendant.

Before: LESINSKI, C. J., and BASHARA and CAR-
LAND,* JJ.

BASHARA, J. Plaintiff brought suit on October 27,
1971, against the defendant Board of Regents for
claims arising out of a contract between the par-
ties. It is alleged that on August 15, 1967 plaintiff
contracted to perform certain construction work
for a housing development at the University of
Michigan. Although defendant and plaintiff dis-
agree on when this cause of action accrued, it is
argued by plaintiff that August 14, 1969 was the
last date he was on the job, which would be more
than two years prior to the filing of his complaint.

Defendants moved for an accelerated judgment
on the ground that plaintiff had not filed either a
written claim or notice of intent to file a claim
within one year of the time the action had ac-
crued. MCLA 600.6431(1); MSA 27A.6431(1). The
motion was granted in the Court of Claims and
plaintiff appeals attacking the constitutionality of
the one-year notice provision.

Plaintiff relies on the authority of *Reich v State
Highway Department,* 386 Mich 617; 194 NW2d
700 (1972), for support of his argument that the
one-year notice provision denies him equal protec-
tion of the law. The Court in *Reich, supra,* was
concerned with governmental liability for injuries
caused by negligent conduct. In declaring the 60-
day notice provision of MCLA 691.1404; MSA
3.996(104) unconstitutional, the Court explained its
rationale:

"The object of the legislation [government tort immu-

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

nity act] under consideration is to waive the immunity of governmental units and agencies from liability for injuries caused by their negligent conduct, thus putting them on an equal footing with private tortfeasors. However, the notice provisions of the statute arbitrarily split the natural class, *i.e.,* all tortfeasors, into two differently treated subclasses: private tortfeasors to whom no notice of claim is owed and governmental tortfeasors to whom notice is owed.

"This diverse treatment of members of a class along the lines of governmental or private tortfeasors bears no reasonable relationship under today's circumstances to the recognized purpose of the Act. It constitutes an arbitrary and unreasonable variance in the treatment of both portions of one natural class and is, therefore, barred by the constitutional guarantees of equal protection." 386 Mich 623.

Thus, the Court found that no rational basis existed for distinguishing the natural class of *tortfeasors,* especially where it had previously stated that the purpose of the act was to place government tortfeasors on an equal footing with private tortfeasors. (Emphasis supplied.) *Grubaugh v City of St Johns,* 384 Mich 165; 180 NW2d 778 (1970).

The action in the instant case is founded not in tort, but on the consensual relationship between two contracting parties. Unlike the plaintiff in *Reich, supra,* and injured parties in cases following its holding,[1] who had no choice in selecting their tortfeasors, the plaintiff here made a voluntary decision to contract with a state agency. Having made such a choice, the plaintiff may be presumed to know that if a contract claim were to arise, he would be required to file a notice or claim within one year.

Plaintiff's contention that two individuals could

---

[1] *Reich v State Highway Commission,* 43 Mich App 284; 204 NW2d 226 (1972); and *Friedman v Farmington Township School District,* 40 Mich App 197; 198 NW2d 785 (1972).

not agree to shorten the statute of limitations or require notice is not persuasive. The authors of 51 Am Jur 2d Limitations of Actions, § 64, p 642, have provided dozens of cases where contracting parties have properly made such an agreement. The only question the courts have considered in this regard is whether the period was reasonable. *Carver v McKernan,* 390 Mich 96; 211 NW2d 24 (1973).

We consider a 1-year notice provision far less prejudicial than one requiring notice in 60 days, 3 months or even 6 months. The notice provision does not so limit a claimant's time to file that it effectively denys him a right of action nor does it require a suit be started within one year. The claimant would still be entitled to the three-year statute of limitations for suit contained in MCLA 600.6452; MSA 27A.6452.

Plaintiff's second allegation is that he substantially complied with the notice provision. We disagree. Unlike the cases relied on for support of substantial compliance, the record indicates that plaintiff did not file any type of notice with the clerk of the Court of Claims. The trial court properly ruled that plaintiff did nothing to comply with the notice requirement.

Affirmed.

All concurred.